THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

**VEGETATION MANAGEMENT
SERVICES, LLC; EXTREME FOREST;
CONN EQUIPMENT RENTAL
COMPANY, INC.; FRANK LEWIS
CONN; ALAN FRED CONN;
RICHARD JACKSON CONN,**

  **Plaintiffs,**

v.             **CASE NO: 1:11-cv-1571-RBP**

**MICHAEL DURDEN; POWER
GUARDIAN, LLC and JEFFREY S.
MIKELL**

  **Defendants.**

**MEMORANDUM OPINION**

This cause comes on to be heard on Defendants' Motion to Dismiss filed in the Circuit Court of Talladega County, Alabama on May 12, 2011; Plaintiff's Motion to Remand filed by plaintiff Vegetation Management Services, LLC on June 7, 2011; Plaintiff's Motion to Stay Case Until Subject Matter Jurisdiction is Decided filed by Vegetation Management Services, LLC on June 7, 2011 and Plaintiffs' Motion to Stay filed on August 22, 2011.

The first issue for this court to decide is whether the court has subject matter jurisdiction. This decision depends on whether the amount in controversy exceeds $75,000.00. While the plaintiffs have been somewhat evasive regarding the amounts of their purported claims, the court concludes, based upon the evidence presented by the defendants at an August 2, 2011 hearing[1]

---

[1] No plaintiff appeared at the hearing on August 2, 2011. This was before any official notice of a criminal investigation of plaintiff(s) by TVA as indicated by plaintiffs' motion to stay.

and the scope of the plaintiffs' claims as stated in their complaint, that it is more likely than not that the claims of the plaintiffs, whether meritorious or not, exceed $75,000.00. The plaintiffs' claims include interference with contract or business relations involving an alleged ongoing relationship with TVA and trade secret violations, as to which $600,000.00 in development costs are alleged. Plaintiffs also claim that the defendants have converted vehicles.

Plaintiffs not only claim that they had $600,000.00 in trade mark development costs, they claim that they have effectively lost the value of those costs because "VMS' purpose for existing has been eliminated as a result of Defendants' action." Further, that Durden improperly used and shared the trade secrets of VMS. Further, plaintiffs request that the damages awarded plaintiffs include an amount "to punish and deter" and "fees." Further, that the damages include "economic losses," loss of profits by the plaintiffs and gains of the defendants, and false expense payments.

The court also concludes that the court does not have personal jurisdiction of the defendants. Power Guardian and Jeffrey Mikell who have had no contacts with Alabama such that they "should reasonably anticipate being haled into court" in Alabama. The alleged business of Durden with the plaintiffs had effectively ended when he established a business relationship with Power Guardian and/or Mikell. Any improper conduct of these two defendants, if any, took place in Georgia and/or Tennessee.

While the alleged conduct of Durden may have effectively ended before he began any relationship with Power Guardian and Mikell, the court will deny Durden's motion to dismiss for lack of personal jurisdiction. He at least had some relevant contacts with Alabama.

For a general discussion of Alabama law with regard to personal jurisdiction *See Ex Parte*

*No. 1 Steel Products, Inc.*, 2011 WL 3 211113 (Ala.).

  This the 31st day of August, 2011.

              _____
              **ROBERT B. PROPST**
            **SENIOR UNITED STATES DISTRICT JUDGE**